UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


SCOTT SCHROEDER,                              )        CASE NO.  3:05 CV 7093
                                             )
            Plaintiff,                       )
                                             )        JUDGE JAMES G. CARR
            vs.                              )
                                             )
VINCENT SCHROEDER, et al.,                   )        MEMORANDUM OF OPINION
                                             )        AND ORDER
            Defendants.                      )
                                             )


            On March 11, 2005, plaintiff pro se Scott Schroeder filed the above-captioned

complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. against Judge

Daniel Gerschutz, Putnam County Court of Common Pleas, Ohio and the following Putnam County

Commissioners: Vincent T. Schroeder, Tom Price, and Robert Riepenhoff.   In his prayer for relief, Mr.

Schroeder requests a declaratory judgment that sets forth that the acts, policies, practices and

procedures of the defendants violate his rights under Title VII. Further, he seeks reinstatement to his

former position, or an equivalent, with back pay and reimbursement for lost pension and other benefits.

*Background*

Mr. Schroeder was hired by the Putnam County Commissioners on or about August 15, 1996 as a probation officer in the Putnam County Court of Common Pleas, Juvenile Division. At some point during his employment, plaintiff took a disability leave of absence. While Mr. Schroeder was on disability leave Judge Gerschutz fired him on December 3, 2003.

On or about May 19, 2004, Mr. Schroeder filed a charge of discrimination with the Equal Employment Opportunity Commission (E.E.O.C.). After 180 days had elapsed since the date the E.E.O.C. assumed jurisdiction of Mr. Schroeder's claim and no suit had been filed on his behalf by the Department of Justice, he requested a Notice of Right to Sue letter. A letter was sent to the plaintiff, dated December 13, 2004, wherein he was notified of his right to file a civil action against Putnam County Court under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); (continued...)

2

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197

(6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Title VII, 42 U.S.C. § 2000e*
*Failure to State a Claim*

The Supreme Court has held that a complaint in an employment discrimination lawsuit

need not contain specific facts establishing a prima facie case of discrimination under McDonnell

Douglas [ v. Green, 411 U.S. 792 (1973)] , but must contain only a short and plain statement of the

claim showing that the pleader is entitled to relief. Swierkiewicz v. Sorema N. A., 534 U.S. 506(2002).

The Swierkiewicz court's opinion did not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the
> court's jurisdiction depends. . . (2) a short and plain statement
> of the claim showing that the pleader is entitled to relief; and
> (3) a demand for judgment for the relief the pleader seeks.
> Relief in the alternative or of several different types may be
> demanded.

FED. R. CIV. P. 8(a).  Even under the liberal notice pleading requirements of Rule 8 and the liberal

perspective in which pro se complaints are generally viewed, the complaint does not contain even the

minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.  See FED.

CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th

Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint

is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it

_____

(...continued)
Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

rests.'")(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see</u> <u>also</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir.1989)(traditionally, the "leniency standard" has still required basic pleading standards).

It is well settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2(a)(1)(emphasis added). While the statute affords protection to a broad class of individuals, that class does not extend to individuals seeking protection based on disability discrimination. Therefore, Mr. Schroeder is not entitled to relief under Title VII for a stated claim of disability discrimination.

If Mr. Schroeder is arguing that his employer retaliated against him in violation of Title VII, he still has not alleged facts which set forth a Title VII action based on retaliation. <u>See</u> <u>Harrison v. Metropolitan Gov't</u>, 80 F.3d 1107, 1118 (6th Cir.1996) (<u>citing</u> <u>Wrenn v. Gould</u>, 808 F.2d 493, 500 (6th Cir.1987)). There is no allegation that he was engaged in an activity protected by Title VII that resulted in an adverse employment action. <u>See</u> <u>Harrison v. Metropolitan Gov't</u>, 80 F.3d 1107, 1118 (6th Cir.1996) (<u>citing</u> <u>Wrenn v. Gould</u>, 808 F.2d 493, 500 (6th Cir.1987)). While Mr. Schroeder's discharge is clearly an 'adverse employment action', he does allege that the decision to discharge him resulted from his participation in a protected activity. Further, if he were asserting a retaliation claim in violation of Title VII, Mr. Schroeder would need to exhaust that issue administratively before filing in federal court. <u>See</u> <u>e.g.</u> <u>Haithcock v. Frank</u>, 958 F.2d 671, 675 (6th Cir.1992)(a Title VII plaintiff is limited to the allegations in the E.E.O.C. complaint and any charges reasonably expected to grow out of the charge of discrimination).

4

*Title I of the Americans with Disabilities Act of 1990,*
*42 U.S.C. 12111, et seq.,*

Without his Title VII claim, Mr. Schroeder is left with a complaint that simply states that he was discriminated against because he was on disability leave when he was fired. A review of the E.E.O.C. letter attached to the complaint indicates that Mr. Schroeder may have filed a charge based on an ADA claim pursuant to Title I. Under Title I of the ADA an employer is prohibited from discriminating against a qualified individual with a disability because of that person's disability. See 42 U.S.C. § 12112. To state a claim under the ADA, a plaintiff must allege not only that he suffers from a disability, but that he is otherwise qualified--with or without reasonable accommodation to perform the essential functions of the job and that the employer discriminated against him because of his disability. Monette v. Electronic Data Systems Corp., 90 F.3d 1173 (6th Cir. 1996).

Mr. Schroeder does not allege that he is a disabled individual. Moreover, there is no allegation or indication that Mr. Schroeder was qualified to perform the essential functions of his job at the time he claims he was the victim of discrimination. Based on the facts set forth in his complaint, Mr. Schroeder was clearly on leave at the time he was fired, and the stated basis for that leave was a disability. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

To fulfill the requirement that a plaintiff be able to perform the essential functions of his job, there must be some indication that the plaintiff was prepared to return to work at the time he was fired. See McKay v. Toyota Motor Mfg. U.S.A., Inc., 110 F.3d 369, 371 (6th Cir.1997); Gantt v.

Wilson Sporting Goods Co., 143 F.3d 1042, 1047 (6th Cir.1998); see also Anderson v. Inland Paperboard and Packaging, Inc., No. 99-6608, 2001 WL 406463 (6th Cir. 2001)(employer's termination of employee, who had been injured in motorcycle accident, prior to physician's release to return to work, did not violate ADA; employee was unable to perform her duties as storeroom clerk at time of termination).  "An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." Tyndall v. National Educ. Ctrs. Inc., 31 F.3d 209, 213 (4th Cir.1994).  There are plainly no facts alleged in the complaint which state an arguable claim within the rubric of either the ADA or Title VII.

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and the court certifies that an appeal from their dismissal could not be taken in good faith.[2]        IT IS SO ORDERED.

S/ James G. Carr
Chief Judge

_____

_____

[2]  28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

6